IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAUL LOPEZ, JR. (16) | § | |
| | § | **A-22-CV-208-LY-SH** |
| v. | § | **A-19-CR-130-LY-16** |
| | § | |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Saul Lopez, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or

Correct Sentence by a Person in Federal Custody, filed February 23, 2022 (Dkt. 932); Defense

Counsel's Affidavit in Response, filed May 6, 2022 (Dkt. 956); and the United States of America's

Response, filed May 20, 2022 (Dkt. 958). On March 3, 2022, the District Court referred the Motion

to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C

of the Local Rules of the United States District Court for the Western District of Texas.

## I. Background

On June 18, 2019, Movant Saul Lopez, Jr. was charged by indictment with conspiracy to

possess with intent to distribute five kilograms or more of cocaine, one kilogram or more of heroin,

methamphetamine, and other illegal narcotics. Dkt. 138 at 2. On September 28, 2020, the

government filed a Superseding Information charging Lopez with conspiracy to possess with intent

to distribute cocaine, in violation of 21 U.S.C. §§ 846{841(a)(1) and (b)(1)(C)}. Dkt. 689.

Pursuant to a plea agreement, Lopez pled guilty to the charge in the Superseding Information on

October 26, 2020. Dkt. 688, 724. As part of his Plea Agreement, Lopez agreed to waive his right

to appeal his sentence on any ground, "except in a case in which the sentence imposed by the Court

1

is greater than the maximum sentence authorized by statute." Dkt. 688 at 4. He also agreed to waive his right to file a motion pursuant to § 2255 except to challenge his sentence due to ineffective assistance of counsel or prosecutorial misconduct. *Id.* at 4-5.

On January 26, 2021, the District Court sentenced Lopez to 63 months imprisonment, "to run *concurrent with* any sentence imposed in docket number, 5:20-CR-270(5)DAE in the Western District of Texas, San Antonio Division," followed by a three-year term of supervised release. Dkt. 818 at 2-3 (emphasis added). Lopez did not file a direct appeal of his conviction and sentence. Lopez now asks the Court to reduce his sentence based on ineffective assistance of counsel.

## II.  Standard of Review

Under § 2255, four general grounds exist on which a defendant may move to vacate, set aside, or correct his or her sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citation omitted) (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). A defendant's claim of ineffective assistance of counsel gives rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To succeed on a claim of ineffective assistance of counsel, a movant first must "show that counsel's

representation fell below an objective standard of reasonableness," with reasonableness judged under "prevailing professional norms." *Id.* at 687-88. This standard requires the reviewing court to "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Reasonable probability," in turn, "is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The movant must "affirmatively prove," not merely allege, prejudice. *Id.* at 693. If the movant fails to prove the second "prejudice" component, the Court need not address the first question regarding counsel's performance. *See id.* at 697. Failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in a later proceeding under § 2255. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

### III.  Analysis

Lopez alleges that his attorney performed ineffectively by failing to (1) file an appeal; (2) speak on his behalf at sentencing, resulting in his sentence for a separate felony running consecutively to the present offense; and (3) obtain a downward departure for acceptance of responsibility. Lopez also requests an evidentiary hearing. The United States argues that the motion should be denied because Lopez has "failed to demonstrate deficient performance by his attorney or any resulting prejudice." Dkt. 958 at 1.

### A.  Appeal

Lopez's claim that his defense counsel was deficient for not pursuing an appeal lacks merit. Dkt. 932 at 1. Even where a defendant has waived his right to direct appeal and collateral review, a defendant is entitled to file an untimely appeal "if the petitioner is able to demonstrate by a

preponderance of the evidence that he requested an appeal." *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). A defendant who alleges in a § 2255 motion that counsel failed to follow his instructions to appeal is entitled to an evidentiary hearing to determine whether the request was made, but only if he makes specific factual allegations in support of this claim. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (holding that defendant must "meet her burden of proof in light of other evidence in the record" and produce "independent indicia of the likely merits of her allegations" to warrant an evidentiary hearing); *see also United States v. DeMik*, 489 F.3d 644, 646-47 (5th Cir. 2007) (conclusory allegations of ineffective assistance insufficient to warrant an evidentiary hearing).

Lopez does not allege that he instructed defense counsel to pursue an appeal. Instead, Lopez states only that he "is not a lawyer and did not know how to appeal this judgment."[1] Dkt. 932 at 1. In his affidavit, defense counsel states that he consulted with Lopez, and, although he advised Lopez not to appeal because Lopez "had waived his right to appeal the conviction and sentence," he "explained" how to do so. Dkt. 956 at 2. Lopez does not claim otherwise. Therefore, Lopez fails to explicitly assert, or provide any factual detail in support of, the contention that counsel was deficient for not pursuing a requested appeal.

In cases where the defendant does not request that an appeal be taken, courts must ask "whether counsel in fact consulted with the defendant about an appeal." *Roe v. Flores-Ortega*, 528

---

[1] To the extent that Lopez asserts that he did not understand his waiver of appellate rights, the argument fails. A defendant's "solemn declarations in open court" concerning the knowing and voluntary nature of the plea "carry a strong presumption of verity." *United States v. Gray*, 717 F.3d 450, 451 (5th Cir. 2013) (quoting *United States v. Adam*, 296 F.3d 327, 333 (5th Cir. 2002)). During his plea hearing, Lopez testified that he had read and understood the Plea Agreement; understood he was waiving his right to appeal his sentence, except for claims of prosecutorial misconduct, ineffective assistance of counsel, or if the sentence imposed exceeded the maximum allowed by law; and had discussed this waiver with his attorney. Dkt. 960 at 5:18-6:4, 7:22-8:14. This evidence, in addition to defense counsel's sworn statement, demonstrates that defense counsel did not perform deficiently in consulting Lopez regarding his right to appeal.

U.S. 470, 478 (2000). "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* As stated, the record demonstrates that defense counsel consulted with Lopez regarding an appeal. Therefore, the Court finds that his performance was not deficient.

## B.  Consecutive Sentences

Lopez next argues that defense counsel's failure to speak on his behalf at sentencing resulted in "bias," which "turned [the] judge in a diffrent [sic] direction" and caused his sentences to run consecutively. Dkt. 932 at 2. This argument is contracted by the facts. At the time of sentencing, Lopez was awaiting sentencing by the District Court in the San Antonio Division for a felony he committed while on bond for this offense. Dkt. 818 at 2; Dkt. 958-2 at 5-6. Although prosecutors in Austin and San Antonio agreed not to object to the imposition of concurrent sentences, defense counsel asserts that he nevertheless informed his client of the possibility that the courts might impose consecutive sentences. Dkt. 956 at 4-5. Specifically, defense counsel submitted evidence that he wrote to Lopez to explain that he believed consecutive sentencing was mandatory, pursuant to 18 U.S.C. § 3147, and the district courts were likely to abide by the law. Dkt. 956-2 at 2-3.

Judge Yeakel ordered that the sentence he imposed in the Austin case run concurrently with any sentence imposed by the Court in the San Antonio case. Given this outcome, counsel's failure to speak on this issue during sentencing before Judge Yeakel could not have prejudiced Lopez. *See Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988) (holding that the movant must show a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different). Defendant's sentence in the San Antonio case later was set to run consecutively to his sentence in this case, but that has no bearing on whether defense counsel's

performance at sentencing in this case was deficient. Nor does it suggest that defense counsel was deficient in consulting with Lopez because counsel informed Lopez about the likelihood of this outcome before Lopez entered into the Plea Agreement. Dkt. 956-2 at 2-3.

## C.  Acceptance of Responsibility

Finally, Lopez contends that defense counsel was deficient for failing to obtain a three-level reduction in the calculation of his sentence for acceptance of responsibility. When defense counsel makes a reasonable investigation into a line of defense, counsel's strategic choices cannot form the basis of an ineffective assistance of counsel claim "unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Martinez v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005) (citation omitted); *see also Strickland*, 466 U.S. at 680-81.

As stated, Lopez was arrested for a new drug offense while on pretrial release in this case, rendering him ineligible for a reduction of offense level for affirmative acceptance of responsibility. Dkt. 817 ¶¶ 71-72. Defense counsel avers that he discussed the possibility of objecting to the relevant paragraph of the presentence investigating report, but Lopez did not want him to do so because an objection could draw further attention to whether the sentence for that crime should run consecutively to the sentence imposed in this case. Dkt. 956 at 5-6. Defense counsel provided uncontradicted evidence that he discussed a possible objection to this portion of the report with Lopez and that withholding the objection was part of the agreed defense strategy. *Id.*; Dkt. 956-3. Based on the record, the decision not to object was a reasonable strategic choice.

Lopez also cannot demonstrate that there is a reasonable probability that, but for unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. When a defendant engages in criminal conduct while on release awaiting trial or sentencing, even when the criminal conduct is unrelated to the charged offense, a request for a reduction based on

acceptance of responsibility is properly denied. *United States v. Watkins*, 911 F.2d 983, 984-85 (5th Cir. 1990) (affirming denial of reduction for acceptance of responsibility where defendant used cocaine while on release pending sentencing for possession of stolen treasury checks); *United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996) (affirming denial of a reduction for acceptance of responsibility where defendant admitted to using marijuana while on pretrial release for conspiracy to possess with intent to distribute cocaine); *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996) (same); *United States v. Sanchez*, 893 F.2d 679, 680-681 (5th Cir. 1990) (affirming denial of reduction for acceptance of responsibility where defendant was arrested for possession of marijuana and attempted to purchase pistol while on release for firearms violation).

Because Lopez was arrested for a new offense while he was on pretrial release for the offense in this case, an objection to the presentence report regarding Lopez's acceptance of responsibility would have had a minimal chance of success. Lopez therefore cannot demonstrate that he was prejudiced by it. *See Strickland*, 466 U.S. at 700 (finding no prejudice where there was "no reasonable probability that the omitted evidence would have changed" the sentence imposed and evidence "might even have been harmful"); *see also Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (holding that failure to make meritless objection is not deficient conduct). Accordingly, defense counsel did not perform deficiently by failing to obtain a three-level reduction.

## IV. Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Lopez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. 932).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## VI. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, as amended to December 1, 2019, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement

associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* The Court further held:

> When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*

In this case, reasonable jurists could neither debate the denial of Lopez's § 2255 motion on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, it is recommended that a certificate of appealability not be issued.

**SIGNED** on August 3, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE